C. D. LITTLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26035. Promulgated September 29, 1930.

*Morris D. Kopple, Esq.*, and *Herbert D. Cohen, Esq.*, for the petitioner.

*Brooks Fullerton, Esq.*, for the respondent.

1046

OPINION.

LOVE: Determination of this proceeding turns upon the ownership of the 100 shares of common stock of the Memphis Corporation (3) issued in the name of petitioner under date of August 23, 1922. Petitioner now contends that the stock was in fact his property and that he was induced by subterfuge to execute the instrument of November 21, 1923, transferring it to Hatcher. Respondent takes the position that petitioner was a mere "dummy" stockholder, a nominee of Hatcher, and that the stock was never petitioner's property.

When petitioner decided to abandon the Memphis Co. (2) in 1922, he considered his $19,000 investment in that concern a total loss. He claimed a deduction for such a loss on his return for that year, filed in March, 1923.

In November, 1923, petitioner learned, for the first time, from Mott that certain stock of the Memphis Corporation (3) had been issued in his name. Petitioner had confidence in Hatcher and when Mott informed him that Hatcher desired a transfer of such stock, petitioner executed one. He testified that he would not have executed such a transfer if he had not believed Mott's statement that the stock really belonged to Hatcher and that his (petitioner's) name had been used only for convenience.

Upon audit and field examination of petitioner's 1922 return, respondent learned that 100 shares of stock of the Memphis Corpo-

ration (3), with a par value of $10,000, had been issued in petitioner's name on August 23, 1922. Accordingly, petitioner's claim for a deduction of $19,000 as a loss upon his investment in the Memphis Co. (2) was disallowed to the extent of $10,000. Petitioner at that time denied that the 100 shares of stock involved had been issued to him, in fact.

These were the positions of the parties when the deficiency letter was mailed to petitioner and an appeal was filed with the Board. The deficiency letter revealed an overassessment for the year 1922, due to adjustments not material herein, and, therefore, by order of September 20, 1927, upon motion of respondent, the appeal was dismissed as to the year 1922 for lack of jurisdiction. *W. H. Morefield et al.*, 4 B. T. A. 394.

On July 14, 1928, petitioner moved for and was granted leave to file an amended petition. In the amended petition, petitioner adopted respondent's theory that the 100 shares of stock of the Memphis Corporation (3) issued in his name on August 23, 1922, were in fact, his property and were issued to him in consideration for his interest in the Memphis Co. (2).

The amended petition further contends that petitioner is entitled to a deduction for a loss upon this stock in the Memphis Corporation (3), either (a) in 1923, when he contends he was induced by subterfuge to transfer it to Hatcher, (b) in 1924, when it is alleged the corporation went into receivership, or (c) in 1925, when the corporation's assets were liquidated and proved insufficient to afford the stockholders any recoupment of their investments.

Respondent filed an answer to the amended petition, admitting many of the material allegations pleaded to, and especially that petitioner had actually acquired in 1922 the Memphis Corporation's stock issued in his name.

It appeared at this point that the parties had definitely agreed upon the ownership of the stock involved and that the only issue related to the occurrence of a loss upon this stock in 1924 or 1925. But the respondent, casting about for more and better defenses, and perhaps considering petitioner's adoption of his theory as too generous a gesture to be unreturned, conceived the idea that the petitioner had been right, originally. Accordingly, by an amended answer to the amended petition, filed upon hearing, respondent revealed that he had at last seen the light—he now recognized that petitioner never had had an interest in or ownership of the stock of the Memphis Coroporation (3) issued in his name in 1922. Petitioner, it appeared, was a mere " dummy " stockholder, a nominee of Hatcher. It follows that petitioner actually sustained his entire loss of $19,000 in the year 1922, as he then claimed, rather than the $9,000 loss which respondent permitted him to deduct.

It is clear that he has lost the $19,000 he invested in the Memphis Co. (2), and that he has been permitted to take a deduction of only $9,000 for that loss. But the Board has no equitable jurisdiction; we must follow the mandates of statute, and this, in our opinion, means that we must deny petitioner the relief he now seeks. A loss can only be claimed in the year in which it occurs. And this is so even though the taxpayer may not be aware of his loss until succeeding years. *Dixie Groves & Cattle Co.*, 5 B. T. A. 1274; *Gilbert W. Lee*, 8 B. T. A. 951; *Peterson Linotyping Co.*, 10 B. T. A. 542.

We think the position taken by the respondent upon hearing is the correct one and that petitioner never in fact owned the stock of the Memphis Corporation issued in his name, or in other words, that he was a mere " dummy " stockholder, used as a nominee of Hatcher for purposes not revealed by the record. This being so, petitioner could not have sustained a loss upon such stock, either by the transfer of November 21, 1923, the alleged receivership in 1924, or the liquidation in 1925.

*Judgment will be entered for the respondent.*